UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**MARIO ZUNIGA,**              )
                               )
   **Plaintiff,**           )
                               )
   **vs.**                 )     CASE NO.   2:11-CV-3459-SLB-JEO
                               )
**L I E U T E N A N T   S M I T H ;** )
**CORRECTIONS   OFFICER   ST.** )
**JOHN,**                      )
                               )
   **Defendants.**         )

## MEMORANDUM OPINION

This case is presently pending before the court on the Magistrate Judge's Report and Recommendation, (doc. 26),[1] and plaintiff's Motion to Amend the Complaint and File Under the Federal Tort Claim Act (FTCA), (doc. 28).

### I. REVIEW OF THE REPORT AND RECOMMENDATION

The district court reviews de novo those parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The court may review the other parts of the Report and Recommendation for plain error or manifest injustice. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)(citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (11th Cir. 1982)).

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Neither plaintiff nor defendants filed any objections to the Magistrate Judge's Report and Recommendation. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Plaintiff, Mario Zuniga, has filed a *Bivens* action[2] against defendants, Lieutenant Smith and Corrections Officer St. John. The Report and Recommendation sets forth the following facts to which the parties have not objected:

> At all times relevant to this action, the plaintiff was incarcerated in the Special Management Unit ("SMU") at FCI Talladega. The SMU houses extremely dangerous prisoners, and staff should never place inmates who are known enemies to one another in the same place. (Doc. 2 at 4). When the plaintiff first arrived at the SMU, there was a "separation" in place on him, and he informed Captain David, Warden Rathman, SIS Preston and SIS Mela that he had come from USP Coleman. [(*Id*. at 5.)] According to the plaintiff, FCC Coleman is a known "drop-out prison, where inmates who are former gang members who have problems with active gang members are sent for their protection. [(*Id*.)] The plaintiff informed the staff of his status as a gang "drop-out," and stated that he had concerns for his safety, but he was denied official drop-out status and the protections that status would provide. [(*Id*. at 5-6.)] He filed numerous grievances and wrote many letters about this issue.
>
> On June 25, 2010, Lieutenant Smith and Corrections Officer St. John arrived at the plaintiff's cell to take him to the law library, as he had requested. [(*Id*. at 4.)] The plaintiff was handcuffed and left alone in the library until the officers brought two other handcuffed inmates there. [(*Id*.)] The plaintiff did not sign anything or verbally agree to these inmates entering the library, but was "forced . . . by virtue of complying with staff's direct order to submit to

---

[2]*Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). "*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980).

being cuffed to allow the two inmates entry into the law library." [(*Id*. at 5.)] Although the two inmates were also handcuffed when they were brought into the library, once the door was closed, both were able to slip out of their handcuffs, then viciously attacked the plaintiff, repeatedly stabbing and beating him, resulting in severe injuries. [(*Id*. at 4.)]

According to the plaintiff, the two inmates were known to be enemies of the gang of which plaintiff used to be a member. [(*Id*.)] The staff at FCI Talladega knew that plaintiff should not have been put in the library with the two inmates because of the "separation" that had been in place on him when he first arrived at the SMU. [(*Id*. at 5.)] Further, the staff knew that plaintiff should never be in a room with other gang members as that information was posted on a large security board in the unit officers' station. [(*Id*. at 4.)]

(Doc. 26 at 3-5 [footnotes omitted].)

After careful consideration of the record in this case, including but not limited to the Magistrate Judge's Report and Recommendation, the court hereby **ADOPTS** the Report of the Magistrate Judge and it **ACCEPTS** the Recommendation that Zuniga's claims against Smith and St. John be dismissed without prejudice based on Zuniga's failure to exhaust his administrative remedies.

## II.  MOTION TO AMEND

In the Report and Recommendation the Magistrate Judge stated:

However, before dismissing the case in its entirety, the plaintiff may, in his objections, seek leave to file an amended complaint naming a proper defendant for, and asserting an FTCA claim, had that been his intent.  The court is mindful, however, that the discretionary exception [footnote] to the FTCA's "limited waiver" of the United States'[s] sovereign immunity might well divest this court of subject matter jurisdiction to entertain any claim thereunder.

[Footnote:] The discretionary function exception to the FTCA's limited waiver of liability provides that 28 U.S.C. § 1346 does not

3

>apply to a claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Although 18 U.S.C. § 4042(a)(3) provides that the [Bureau of Prisons] has the mandatory duty to "provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States," the Bureau of Prisons "generally retains sufficient discretion in the means it may use to fulfill that duty." *Cohen v. United States*, 151 F.3d 1338, 1342 (11th Cir. 1998)(recognizing that the discretion exercised by prison administrations with respect to the safety and security of prison inmates and staff is the type of discretion which the discretionary function exception is intended to protect); *see also*, *Spotts v. United States*, 613 F.3d 559, 567 (5th Cir. 2010)(emphasizing that while § 4042(a) mandates that the Federal Bureau of Prisons must provide for the safekeeping, care, and subsistence of all federal prisoners, it "does not indicate the manner in which the duty must be fulfilled"); *Jackson v. United States*, No. 06-88, 2007 WL 2033902 (W.D. Pa. July 12, 2007)(noting that generally, decisions regarding the best way to safeguard prisoners are discretionary in nature and do not provide subject matter jurisdiction to the federal courts for negligence claims against the United States).

(Doc. 26 at 14 and n.8.)  In response to this statement in the Report and Recommendation, Zuniga filed a Motion to Amend the Complaint and File Under the Federal Tort Claim[s] Act (FTCA).  (Doc. 27.)

In his Motion to Amend, plaintiff "seeks leave of the court to change the Defendant in the instant case to the United States of America," and "to convert [his *Bivens* action] to a Tort [claim] for negligence, whereby the officers named here were negligent in their duties to protect the Plaintiff."  (*Id*. at 2.)  "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment."  *Mann v. Palmer*,

713 F.3d 1306, 1316 (11th Cir. 2013)(quoting *Maynard v. Bd. of Regs. of the Div. of Univs. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003)).

Defendant St. John contends that the court should deny Zuniga's Motion to Amend as untimely filed. He contends that Zuniga was notified that the deadline for filing suit on his FTCA claim was June 28, 2011. (*See* doc. 28 ¶ 2; *see also* doc. 2 at 17 [Letter to Zuniga from Regional Counsel for BOP stating "If you are not satisfied with this determination [denying his FTCA claim], you may file suit in the appropriate United States District Court ***no later than six (6) moths after the date of mailing of this notification***," which was December 28, 2010" (emphasis added)].) Zuniga filed his *Bivens* action on or about June 6, 2011. Therefore, assuming for purposes of this Memorandum Opinion that Zuniga's Amended Complaint asserting his FTCA claim against the United States would relate back, his FTCA claim is not time barred. Nevertheless, the court finds that his FTCA claim based on the actions of Smith and St. John is futile.

The FTCA provides:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). However –

The provisions of . . . section 1346(b) . . . shall not apply to –

>(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. 2680(a)(discretionary function exception). "In order for a claim to fall within the discretionary function exception of the FTCA, it must meet two requirements: (1) the challenged decision must involve an element of choice, and (2) the governmental decision must implicate an exercise of judgment grounded on considerations of public policy." *Enlow v. United States*, 161 Fed. Appx. 837, 839 (11th Cir. 2006)(quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991), and citing *Cohen v. United States*, 151 F.3d 1338, 1340 (11th Cir. 1998)).³ "When the discretionary function exception to the [Act] applies, no federal subject matter jurisdiction exists." *McFarland v. Warden*, 557 Fed. Appx. 915, 916 (11th Cir. 2014)(quoting *U.S. Aviation Underwriters, Inc. v. United States*, 562 F.3d 1297, 1299 (11th Cir. 2009)).

The Eleventh Circuit has held that a claim like Zuniga's – based on the BOP's or its agents' failure to protect an inmate from attack by another inmate – "exemplifies the type of case Congress must have had in mind when it enacted the discretionary function exception." *Cohen*, 151 F.3d ast 1344. It held:

---

³Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

> Under [the plaintiff's] theory, anytime a prisoner is injured by another prisoner, he can bring an action claiming that the BOP was negligent in classifying the prisoner who committed the assault and placing him in the institution at which the attack occurred, or in not removing that prisoner based upon some prior incident, or in not restricting his movement, or in not providing more guards, and so forth. Such second-guessing of the BOP's discretionary decisions is the type of thing avoided by the discretionary function exception, which is designed to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Gaubert*, 499 U.S. at 323 . . . (internal citations and quotations omitted).

*Id*. Therefore, the court finds that any FTCA claim based on the conduct alleged in Zuniga's Complaint is barred by the discretionary function exception. Any amendment to add such a claim is futile.

Therefore, Zuniga's Motion to Amend the Complaint and File Under the FTCA, (doc. 27), will be denied.

An Order denying Zuniga's Motion to Amend and dismissing this action will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 30th day of September, 2014.

_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE